DAVID A. MAKMAN SBN178195
MAKMAN & MATZ LLP
655 MARINERS ISLAND BLVD STE 306
SAN MATEO, CA 94404
TEL.: 650-242-1560
E-MAIL: david@makmanmatz.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DR. JOSEPH NEEV,

v.

ALCON LENSX, INC.,

Case No. SACV 14-00660 GHK (JEMx)

NOTICE OF APPEAL

1  TO THIS HONORABLE COURT, ITS STAFF, ALL PARTIES, AND THEIR

2  COUNSEL OF RECORD:

3

4  PLEASE TAKE NOTICE that **Dr. Joseph Neev**, hereby appeals to the United

5  States Court of Appeal for the Federal Circuit from the Court's February 9, 2015

6  Order re: Joint Notice of Motion for Determination Regarding

7

8  Dr. Neev's Petition to Vacate Arbitration Award; LenSx's Motion to Confirm

9  Arbitration Award (Docket No. 15) (entered February 10) and the Judgment that

10  was concurrently entered thereon  (Docket No. 16). True and correct copies of the

11

12  Order and Judgment are attached hereto as **Exhibits A and B**.

13

14

15

16                                    Respectfully submitted,

17

18  Dated: <u>March 4, 2015</u>

19

20                                    *David Alan Makman*
                                       David Alan Makman
21                                     Makman & Matz LLP

22

23

24

25

26

27

28

(JEMx),APPEAL,CLOSED,DISCOVERY

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA
## (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:14-cv-00660-GHK-JEM
## Internal Use Only

| | |
|---|---|
| Dr. Joseph Neev v. Alcon Lensx, Inc. | Date Filed: 04/28/2014 |
| Assigned to: Judge George H. King | Date Terminated: 02/09/2015 |
| Referred to: Magistrate Judge John E. McDermott | Jury Demand: None |
| Cause: 09:0010 Petition to Vacate Arbitration Award | Nature of Suit: 896 Other Statutes: Arbitration |
| | Jurisdiction: Federal Question |

**Petitioner**

**Dr. Joseph Neev**      represented by    **David A Makman**
Makman and Matz LLP
655 Mariners Island Boulevard Suite 306
San Mateo, CA 94404
650-242-1560
Fax: 415-777-8638
Email: david@makmanmatz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Alcon Lensx, Inc.**      represented by    **Eric Martin Acker**
Morrison & Foerster
12531 High Bluff Drive
San Diego, CA 92130-2040
858-720-5100
Fax: 858-720-5125
Email: eacker@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Prendergast**
Morrison and Foerster LLP
12531 High Bluff Drive Suite 100
San Diego, CA 92130
858-720-5100
Fax: 858-720-5125

Email: mprendergast@mofo.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/28/2014 | 1 | DR. JOSEPH NEEV'S PETITION To Vacate Award of Arbitrator Pursuant to 9 U.S.C.§§ 9 and 10 and Memorandum of Points and Authorities filed against Alcon Lensx, Inc. (Filing fee $ 400 PAID), filed by Petitioner Joseph Neev. (car) (mg). (Main Document 1 replaced on 5/1/2014) (mg). (Additional attachment(s) added on 5/1/2014: # 1 Civil Cover Sheet) (mg). (Entered: 05/01/2014) |
| 04/28/2014 | 2 | DECLARATION of David A. Makman In Support of Dr. Joseph Neev's Petition To Vacate Award of Arbitrator 1 (car) (Additional attachment(s) added on 5/1/2014: # 1 Part 1, # 2 Part 2, # 3 Part 3) (mg). (Entered: 05/01/2014) |
| 04/28/2014 | 3 | 21 DAY Summons Issued re Petition 1 as to Respondent Alcon Lensx, Inc. (car) Modified on 5/1/2014 (car). (Entered: 05/01/2014) |
| 04/28/2014 | 4 | CERTIFICATE AND NOTICE of Interested Parties filed by Petitioner Joseph Neev. (car) (mg). (Entered: 05/01/2014) |
| 04/28/2014 | 🔒 | (Court only) Memorandum Re: Black-Out Filing (CV-92) prepared by Civil Intake Staff. (car) (Entered: 05/01/2014) |
| 05/08/2014 | 5 | NOTICE of Appearance filed by attorney Eric Martin Acker on behalf of Respondent Alcon Lensx, Inc. (Attorney Eric Martin Acker added to party Alcon Lensx, Inc.(pty:res))(Acker, Eric) (Entered: 05/08/2014) |
| 05/09/2014 | 6 | NOTICE of Appearance filed by attorney Mary Prendergast on behalf of Respondent Alcon Lensx, Inc. (Attorney Mary Prendergast added to party Alcon Lensx, Inc.(pty:res))(Prendergast, Mary) (Entered: 05/09/2014) |
| 05/13/2014 | 7 | ORDER RE: CASE MANAGEMENT (SPECIAL REQUIREMENTS) -READ IMMEDIATELY by Judge George H. King (lc) (Entered: 05/13/2014) |
| 05/14/2014 | 8 | PROOF OF SERVICE Executed by Petitioner Joseph Neev, upon Respondent Alcon Lensx, Inc. served on 4/29/2014, answer due 5/20/2014. Service of the Summons and Complaint were executed upon Becky DeGrourge, CSC Lawyer's Incorporative Service, Registered Agent for Service of Process in compliance with Federal Rules of Civil Procedure by personal service. Original Summons NOT returned. (Makman, David) (Entered: 05/14/2014) |
| 05/20/2014 | 9 | *Opposition and* ANSWER to Petition (case opening), 1 *to Vacate* filed by respondent Alcon Lensx, Inc.. (Attachments: # 1 Affidavit Acker, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Acker, Eric) (Entered: 05/20/2014) |
| 05/20/2014 | 10 | NOTICE of Interested Parties filed by Respondent Alcon Lensx, Inc., identifying Alcon Laboratories, Inc., and Novartis AG. (Acker, Eric) (Entered: 05/20/2014) |

| 05/27/2014 | 11 | REPLY filed by Petitioner Joseph Neev to Petition (case opening), 1 *Reply in Support of Petition* (Makman, David) (Entered: 05/27/2014) |
|---|---|---|
| 08/05/2014 | 12 | MINUTE IN CHAMBERS Order re: Dr. Joseph Neev's Petition to Vacate Award of Arbitrator 1 by Judge George H. King: The Parties are hereby ORDERED to meet and confer in good faith regarding whether the arbitration award should be confirmed or vacated. After meeting and conferring, the parties SHALL file a joint brief of no more than 50 pages, divided evenly between the Parties, that addresses the relevant issues. The Parties SHALL work cooperatively to create a single, fully integrated joint brief that includes all relevant arguments and authorities. Because the Parties may make revisions of their sections throughout the joint briefing process, the Joint Brief shall not contain any reply sections. The Joint Brief SHALL be noticed as a regular motion in full compliance with our Case Management Order and the Local Rules. (jp) (Entered: 08/05/2014) |
| 10/17/2014 | 13 | NOTICE OF MOTION AND Joint MOTION for Consideration of Dr. Joseph Neev Petition to Vacate Arbitration Award; Alcon LenSx, Inc. Motion to Confirm Arbitration Award filed by Respondent Alcon Lensx, Inc.. Motion set for hearing on 12/8/2014 at 09:30 AM before Judge George H. King. (Attachments: # 1 Memorandum, # 2 Appendix, # 3 Exhibit JX 01, # 4 Exhibit JX 02, # 5 Exhibit JX 03, # 6 Exhibit JX 04, # 7 Exhibit JX 05, # 8 Exhibit JX 06, # 9 Exhibit JX 07, # 10 Exhibit JX 08, # 11 Exhibit JX 09, # 12 Exhibit JX 10, # 13 Exhibit JX 11, # 14 Exhibit JX 12, # 15 Exhibit JX 13, # 16 Exhibit JX 14, # 17 Proposed Order Alcon LenSx, Inc., # 18 Proposed Order Dr. Joseph Neev)(Acker, Eric) (Entered: 10/17/2014) |
| 12/04/2014 | 14 | MINUTES (IN CHAMBERS) ORDER by Judge George H. King: On the court's own motion, Joint Motion for Determination re: Petition to Vacate Arbitration Award by Plaintiff, and Motion to Confirm Arbitration Award by Defendant 13 , noticed for hearing on DECEMBER 8, 2014, are TAKEN OFF CALENDAR and will be taken UNDER SUBMISSION without oral argument on that date pursuant to Local Rule 7-15. No appearance by counsel shall be necessary. The hearing date is vacated. Further briefing, if any, shall be filed in accordance with Local Rules as if the noticed hearing date had not been vacated. (pso) (Entered: 12/04/2014) |
| 02/09/2015 | 15 | MINUTES (In Chambers) Order re: Joint Notice of Motion for Determination Regarding Dr. Neev's Petition to Vacate Arbitration Award; LenSx's Motion to Confirm Arbitration Award 13 by Judge George H. King. For the foregoing reasons, Petitioner's Motion to Vacate is DENIED. The arbitration award isCONFIRMED. (lom) (Entered: 02/10/2015) |
| 02/09/2015 | 16 | JUDGMENT by Judge George H. King. Pursuant to the Court's February 9, 2015 Order, IT IS HEREBY ADJUDGED that the Partial Final Award entered on January 29, 2014 and the Final Award entered on March 26, 2014 in JAMS Arbitration No. 1200046131 are hereby CONFIRMED. Respondent shall have judgment in the amount of $65,310.39, with interest at the rate of 3 percent perannum commencing on November 1, 2013, in conformity with this Order and the confirmed Final Award. (MD JS-6, Case Terminated). (lom) (Entered: |

| | | |
|---|---|---|
| | | 02/10/2015) |
| 02/24/2015 | 17 | NOTICE OF MOTION AND MOTION for Stay of Execution Pending Appeal filed by Petitioner Joseph Neev. Motion set for hearing on 4/6/2015 at 09:30 AM before Judge George H. King. (Attachments: # 1 Proposed Order Granting Stay)(Makman, David) (Entered: 02/24/2015) |
| 02/25/2015 | 18 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Motion for Stay of Execution of Judgment 17 . The following error(s) was found: Other error(s) with document(s) are specified below: Caption of attached document does not indicate noticed hearing date and time. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (bm) (Entered: 02/25/2015) |
| 03/02/2015 | 19 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS 18 RE: Motion for Stay of Execution of Judgment 17 by Clerk of Court. The document is accepted as filed. (bm) (Entered: 03/02/2015) |
| 03/04/2015 | 20 | NOTICE OF APPEAL to the Federal Circuit filed by Petitioner Joseph Neev. Appeal of Order on Motion for Consideration, 15 , Judgment,, 16 (Appeal fee of $505 receipt number 0973-15316950 paid.) (Attachments: # 1 Exhibit A Order, # 2 Exhibit B Judgment)(Makman, David) (Entered: 03/04/2015) |
| 03/05/2015 | | TRANSMISSION of the Notice of Appeal, Docket Sheet, Judgment and or order e-mailed to the US Court of Appeals for the Federal Circuit re: Notice of Appeal to Federal Circuit Court of Appeals 20 . (mat) (Entered: 03/05/2015) |

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

**Presiding: The Honorable**      **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                                      None

**Proceedings:** **(In Chambers) Order re:** Joint Notice of Motion for Determination Regarding Dr. Neev's Petition to Vacate Arbitration Award; LenSx's Motion to Confirm Arbitration Award (Dkt. 13)

This matter is before us on the above-captioned Motion. We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

## I.      Background

Respondent Alcon LenSx, Inc. ("Respondent") is a company that designs and manufactures a device used for cataract surgery called the LenSx Laser System. (Dkt. 13, Mot., Ex. 8 at 2.) Petitioner Dr. Joseph Neev ("Petitioner") is an inventor who owns a number of patents, including U.S. Patent No. 6,482,199 ("the '199 patent"). (*Id.*) In 2009, LenSx's founder approached Petitioner to license some of his patents. (*Id.* at 3.) The parties reached an agreement (the "Agreement") under which LenSx licensed the '199 patent from Petitioner in return for an annual royalty and additional royalties for any products sold by LenSx that relied on the '199 patent. (*Id.*) In 2010, LenSx was acquired by Alcon. (*Id.*) In 2011, Respondent then began selling its LenSx Laser System. (*Id.*) Respondent paid no royalties to Petitioner for the sales of the system. (*Id.* at 4-5.) Petitioner claimed that he was owed royalties, and eventually, to resolve the dispute, Respondent filed a Demand for Arbitration with JAMS. (*Id.* at 6.) Petitioner filed a Response to the Demand for Arbitration, claiming among other things that the LenSx Laser System infringes the '199 patent. (*Id.*)

On January 29, 2014, the Arbitrator issued the Partial Final Award ("PFA"). The Arbitrator found that the LenSx Laser System did not infringe on the '199 patent and that Respondent did not owe any additional royalties. (*Id.* at 29.) The Arbitrator ordered further briefing on whether Respondent was entitled to attorney's fees and costs. (*Id.*) On March 26, 2014, the Arbitrator issued a Final Award ("FA"), awarding Respondent $65,310.39 in costs but no attorney's fees. (Ex. 14 at 3.) Petitioner seeks to vacate the PFA and FA. Petitioner claims that (1) the Arbitrator erred in ruling that the LenSx Laser

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

System does not infringe the '199 patent and (2) the Arbitrator was not empowered to award costs under the Agreement. (Mot. at 1-3.)

## II. Legal Standard

A federal court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of Title 9 of the United States Code. 9 U.S.C. § 9. Section 10(a) permits vacatur in only limited circumstances, such as "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). An arbitrator exceeds his power, not when he merely interprets or applies the governing law incorrectly, but when his award is completely irrational or exhibits a manifest disregard of law. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal quotation marks and citations omitted). "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* Manifest disregard of the *facts* is not an independent ground for vacatur. *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1133 (9th Cir. 2003). If the Arbitrator analyzed a factual dispute and resolved it in favor of one of the Parties, we have no authority to re-weigh the evidence. *Id.* at 1134. Ultimately, the scope of review afforded to district courts is "extremely limited." *Kyocera Corp.*, 341 F.3d at 998.[1]

## III. Analysis

### A. Claim 5

The '199 patent describes an invention for using a femtosecond laser[2] to perform cataract surgery. (PFA at 14-15.) Respondent's LenSx Laser System is also a system for using a femtosecond laser to perform cataract surgery. (*Id.*) The Arbitrator found that the two systems differ in several

---

[1] We assume, as the Parties appear to have done, that Federal Circuit law is not controlling here despite the presence of patent issues in the arbitration. In reviewing arbitration awards involving patent issues, the Federal Circuit has stated that it "will apply the law of the regional circuit to which the district court appeal normally lies unless the issue pertains to or is unique to patent law, in which case we will apply our own law to both substantive and procedural issues intimately involved in the substance of enforcement of the patent right." *Flex Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed. Cir. 2001). Even if this assumption is not correct, Federal Circuit case law on the standard for vacatur of an arbitration award does not appear to be materially different. *Id.* (noting "that an arbitration award may be vacated if it is manifest disregard of law" and upholding a district court's decision to confirm an award that was challenged, at least in part, on those grounds).

[2] A femtosecond is one billionth of one millionth of a second. A femtosecond laser is a laser that produces extremely brief pulses of light. (Ex. 1, Arb. Tr. at 193-94.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

respects, most of which are not relevant for our purposes. Broadly speaking, the Arbitrator found that the invention described in the '199 patent works by minimizing collateral damage caused to the eye by the laser during cataract surgery while the LenSx Laser System utilizes the collateral damage that the laser causes to more effectively perform the surgery. (*Id.* at 15-17.)

Petitioner objects to only one distinction that the Arbitrator drew between the inventions. Petitioner claims that the Arbitrator manifestly disregarded the law by holding that the LenSx Laser System does not infringe on Claim 5 of the '199 patent. Claim 5 states in relevant part:

A method for a high precision, highly controllable, variable rate, material removal by a continuously emitting, continuous wave (CW) beam of electromagnetic radiation . . . comprising the steps of:

a) providing a source capable of generating an output beam comprised of continuously emitted electromagnetic radiation;

b) redistributing the beam in time and space to form at least one modified beam comprising a plurality of pulses;

c) directing said modified beam(s) so that their energy distribution at any given location on the target material forms a sequence of electromagnetic pulses, . . . .

(Ex. 2 at 78.) The Arbitrator found that the LenSx Laser System did not infringe on this claim because the system did not have the limitation described in Claim 5(a). Specifically, the Arbitrator found that LenSx Laser System's femtosecond "laser does not[] and cannot produce a continuous wave." (PFA at 22.) Rather, "it produces a series of femtosecond pulses" with "no continuously emitted pulse." (*Id.*)

Petitioner claims that the Arbitrator's conclusion was plainly incorrect because it demonstrates a fundamental lack of understanding regarding the technology involved. According to Petitioner, all femtosecond lasers, including those used by the LenSx Laser System, have some source (a laser diode) inside the device capable of producing a continuous wave beam. Petitioner claims that Dr. Norris, an expert witness for Respondent, even admitted this when he testified. (*See* Ex. 1, Ar. Tr. at 462:8-464:19.) Petitioner further argues that the Arbitrator's interpretation of the claim is both inconsistent with the rest of Claim 5 and self-contradicting. Claim 5(b) and (c) clearly refer to the invention producing "pulses," rather than a continuous emission. (Ex. 2 at 78.) Moreover, the notion of a "continuously emitted pulse" is internally inconsistent in that the word "continuous" implies "non-pulsing." No technology, according to Petitioner, could produce a non-pulsing pulse.

Petitioner misunderstands the applicable standard for reviewing an arbitration award. Even if we were to assume, without deciding, that there is merit to Petitioner's points, it is not enough to show that the Arbitrator's decision was incorrect because he made an error in legal reasoning or he failed to give proper weight to certain evidence presented during the arbitration. Rather, Petitioner must show the Arbitrator refused or utterly failed to apply the relevant law. *See Mich. Mut. Ins. Co.*, 44 F.3d at 832; *Coutee*, 336 F.3d at 1133. No such defect is evident in the Arbitrator's award.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

The Arbitrator's conclusion that the LenSx Laser System could infringe Claim 5(a) only if the system used a continuous laser was based on the Arbitrator's interpretation of the claim language and his understanding of the testimony concerning the LenSx Laser System's capabilities.  While Petitioner insists that Claim 5(a) refers only to the continuous laser inside the invention (the laser diode), the language in Claim 5(a) explicitly refers to the invention having a source capable of generating a continuous "output" beam, not a continuous beam *within the device*.  (Ex. 2 at 78.)  Moreover, the preamble to Claim 5 expressly states that the invention is "a method for . . . material removal by a *continuously emitting, continuous wave (CW) beam*."  (*Id.* (emphasis added).)  According to testimony from Respondent's expert, the LenSx Laser System is totally incapable of emitting a continuous output beam.  (*See* Ex. 1, Tr. at 469:7-10 ("THE WITNESS: This system cannot produce continuously emitted electromagnetic radiation. THE COURT: Period? THE WITNESS: Period. . . . THE COURT: What you're telling me is clause . . . 5A is not possible?  THE WITNESS: 5A is not possible with this system.").)  From this, the Arbitrator apparently concluded that Respondent's system was not infringing.

At no point in his reasoning, did the Arbitrator manifestly disregard the law.  Patent infringement analysis requires claim terms to be given their plain and ordinary meaning as understood by one of ordinary skill in the art.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). This is what the Arbitrator did in construing the term "output" in Claim 5(a) to be a reference to the external continuous beam, not that inside the device.  In conducting an infringement analysis, a court must also, after determining the meaning of any claim terms, compare the accused device to the claims as construed.  *Wavetronix LLC v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1354 (Fed. Cir. 2009).  The Arbitrator did this as well.  He compared the LenSx Laser Systems' capabilities with the features described in Claim 5, found that Respondent's system did not have the same features, and therefore concluded there was no infringement.[3]

**B.    Award of Costs**

Petitioner also claims that the Arbitrator exceeded his authority by awarding Respondent costs when the Agreement did not permit fee-shifting.  Section 11.2 of the Agreement states in pertinent part

---

[3] Petitioner argues that the Arbitrator erred to the extent that he relied on the language of Claim 5's preamble in concluding that the invention was limited to devices emitting a continuous beam.  The Arbitrator did not actually cite the preamble in his reasoning, but even if he relied on it, there is no categorical ban on courts using a preamble to determine claim limitations.  "Whether to treat a preamble term as a claim limitation is 'determined on the facts of each case in light of the claim as a whole and the invention described in the patent.'" *Am. Med. Sys., Inc.*, 618 F.3d at 1358 (quoting *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 831 (Fed. Cir. 2003)).  Generally, "a preamble limits the invention if it recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (citation and internal quotation marks omitted).  If the Arbitrator found the preamble was necessary to give meaning to Claim 5, then relying on the preamble in constructing the claim, even if erroneous, did not constitute a manifest disregard of the law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | | Date | February 9, 2015 |
|---|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | | |

that "[e]ach Party shall bear its own costs of [] arbitration, with the costs of the arbitration tribunal shared equally by the Parties." (Ex. 6 at 12.) Despite this language, Petitioner sought in his Response to Demand for Arbitration the recovery of "costs and attorney's fees." (Ex. 5 at ¶ 52(k)). The Arbitrator concluded from this, and from the fact that Respondent similarly sought extra-contractual relief in its Demand for Arbitration, that he was "empowered to award attorney's fees and costs in this matter" by the Parties. (Ex. 14 at 3.) He declined to award any attorney's fees but did award costs to Respondent in the amount of $65,310.19. (*Id.*) Petitioner does not dispute the amount of costs awarded to Respondent.

The Arbitrator cited two cases in support of his conclusion that he had authority to award costs despite the Agreement: *Moore v. First Bank of San Luis Obispo*, 22 Cal. 4th 782 (2000), and *Watson v. Knorr*, 2013 WL 1944007 (Cal. App. Ct. 2013). In *Moore*, the California Supreme Court found that an arbitrator did not exceed his authority by refusing to award attorney's fees to a party that was entitled to them by contract and by operation of law. 22 Cal. 4th at 788-89. In *Watson*, the California Court of Appeal upheld an arbitrators' decision to award costs despite language in the arbitration agreement expressly prohibiting such an award. 2013 WL 1944007. In both cases, the courts reasoned that the arbitrator had the power to award costs and fees in a manner inconsistent with the parties' contract, so long as the issue of attorney's fees and costs was properly before the arbitrator. In other words, under California law, arbitrators do not exceed their authority by erroneously awarding attorney's fees and costs; they exceed their authority only if they attempt to award such relief when the issue was not presented for arbitration. *See Moshonov v. Walsh*, 22 Cal. 4th 771, 775 (2000).

The state courts in *Moore* and *Watson* were interpreting California arbitration law, not the FAA. However, the Ninth Circuit takes a similar position when interpreting the FAA. In *Schoenduve Corporation v. Lucent Technologies, Inc.*, the Ninth Circuit stated that "the scope of an arbitrator's authority is determined by the contract requiring arbitration as well as by the parties' definition of the issues to be submitted in the submission agreement." 442 F.3d 727, 732 (9th Cir. 2006) (citing *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583-84 (5th Cir. 1980). "In other words, the 'initial contract to arbitrate may be modified [or expanded] by the submission agreement.'" *Id.* (quoting *Piggly Wiggly*, 611 F.2d at 583-84 (modification in original)). The Ninth Circuit also stated that "[t]he scope of the arbitrator's jurisdiction extends to issues not only explicitly raised by the parties, but all issues implicit within the submission agreement" and that "[t]he arbitrator's interpretation of the scope of his powers is entitled to the same level of deference as his determination on the merits." *Id.* at 733.

The facts of *Schoenduve* underscore how broad an arbitrator's authority is to grant relief not otherwise permitted by the parties' arbitration agreement. In *Schoenduve*, the petitioner and respondent submitted a breach of contract dispute to arbitration. *Id.* at 729. The arbitrator ruled against the respondent, finding that the petitioner did not breach the agreement, but then awarded the respondent damages anyway based on a quasi-contract theory that was hardly mentioned during arbitration proceedings. *Id.* at 734. The Ninth Circuit held that the award was proper because, in the Demand for Arbitration, the respondent sought damages "arising from breach of contract and other claims." *Id.* at 730. Since the petitioner did not object that these "other claims" were outside the scope of the

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
| --- | --- | --- | --- |
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

arbitrator's authority, the Ninth Circuit concluded that the arbitrator was empowered to award damages for those claims. *Id*. at 732.

      Here, while the Agreement may have said that both parties would bear their own costs, the parties sought to recover costs anyway in their submission of the issues. The Parties explicitly agreed that one of the issues the Arbitrator would decide was "[w]hether either party is entitled to damages or other relief, including . . . costs and attorneys' fees." (Ex. 10, "Joint Proposed List of Issues to be Decided by the Arbitrator.") Notably, the Parties were given the opportunity to object to the Arbitrator's authority to consider a proposed issue. For instance, Respondent wanted the Arbitrator to consider whether the '199 patent was even valid, and Petitioner objected that validity should not be an issue in the Arbitration. (*Id*.) Petitioner did *not* object, however, to the Arbitrator's considering whether to award attorney's fees and costs. Accordingly, the issue of whether to award costs and attorney's fees was properly before the Arbitrator.

      Petitioner attempts to distinguish the above authority on various grounds. He argues, for instance, that *Moore is* distinguishable because the arbitrator decided *not* to award attorney's fees in that case. But that is not a relevant distinction—*Moore* stands for the proposition that an arbitrator is not bound to grant relief according to the terms of an arbitration agreement once the parties agree to submit an issue to the arbitrator. Petitioner also tries to distinguish *Moore* on the grounds that the arbitration was based on AAA rules, rather than JAMS. While the *Moore* court may have noted that the arbitration in that case was under AAA rules, the court did not rely heavily on those rules to drive its reasoning. Petitioner also claims that the Arbitrator should not have relied on *Watson* because it is unpublished. California Rule of Court 8.1115 bars courts and parties from relying on unpublished California Court of Appeal decisions in "any other action." But Petitioner cites no authority suggesting that this rule bars an arbitrator from citing an unpublished case in a private arbitration award. Even if it was error to cite an unpublished opinion, the Arbitrator did not manifestly disregard the law by doing so.

      Finally, Petitioner attempts to distinguish *Schoenduve* on the grounds that the case did not involve a decision that conflicted with the parties' agreement to arbitrate. Rather, it involved an arbitrator issuing a decision based on an alternative "theory of damages—a theory that was implicitly within the scope of that arbitration." (Mot. at 45.) Petitioner does not, however, explain how this distinction matters. The Ninth Circuit clearly stated that the parties' submission of issues to arbitration broadens the scope of the Arbitrator's authority to grant relief. Here, that is precisely what happened. Not only did the Parties ask the Arbitrator to resolve the question of whether there was infringement and a breach, they asked him to determine whether to award costs and attorney's fees. By doing so, they gave the Arbitrator authority to awards costs despite what was said in the Agreement.

**IV.    Conclusion**

      For the foregoing reasons, Petitioner's Motion to Vacate is **DENIED**. The arbitration award is **CONFIRMED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:               Attorneys Present for Defendants:

None                                    None

**Proceedings:**    **(In Chambers) Order re:** Joint Notice of Motion for Determination Regarding
Dr. Neev's Petition to Vacate Arbitration Award; LenSx's Motion to Confirm
Arbitration Award (Dkt. 13)

This matter is before us on the above-captioned Motion. We have considered the papers filed in
support of and in opposition to the Motion and deem this matter appropriate for resolution without oral
argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary.
Accordingly, we rule as follows:

**I.      Background**

Respondent Alcon LenSx, Inc. ("Respondent") is a company that designs and manufactures a
device used for cataract surgery called the LenSx Laser System. (Dkt. 13, Mot., Ex. 8 at 2.) Petitioner
Dr. Joseph Neev ("Petitioner") is an inventor who owns a number of patents, including U.S. Patent No.
6,482,199 ("the '199 patent"). (*Id.*) In 2009, LenSx's founder approached Petitioner to license some of
his patents. (*Id.* at 3.) The parties reached an agreement (the "Agreement") under which LenSx
licensed the '199 patent from Petitioner in return for an annual royalty and additional royalties for any
products sold by LenSx that relied on the '199 patent. (*Id.* at 4.) In 2010, LenSx was acquired by
Alcon. (*Id.*) In 2011, Respondent then began selling its LenSx Laser System. (*Id.*) Respondent paid no
royalties to Petitioner for the sales of the system. (*Id.* at 4-5.) Petitioner claimed that he was owed
royalties, and eventually, to resolve the dispute, Respondent filed a Demand for Arbitration with JAMS.
(*Id.* at 6.) Petitioner filed a Response to the Demand for Arbitration, claiming among other things that
the LenSx Laser System infringes the '199 patent. (*Id.*)

On January 29, 2014, the Arbitrator issued the Partial Final Award ("PFA"). The Arbitrator
found that the LenSx Laser System did not infringe on the '199 patent and that Respondent did not owe
any additional royalties. (*Id.* at 29.) The Arbitrator ordered further briefing on whether Respondent was
entitled to attorney's fees and costs. (*Id.*) On March 26, 2014, the Arbitrator issued a Final Award
("FA"), awarding Respondent $65,310.39 in costs but no attorney's fees. (Ex. 14 at 3.) Petitioner seeks
to vacate the PFA and FA. Petitioner claims that (1) the Arbitrator erred in ruling that the LenSx Laser

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

System does not infringe the '199 patent and (2) the Arbitrator was not empowered to award costs under the Agreement. (Mot. at 1-3.)

## II. Legal Standard

A federal court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of Title 9 of the United States Code. 9 U.S.C. § 9. Section 10(a) permits vacatur in only limited circumstances, such as "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). An arbitrator exceeds his power, not when he merely interprets or applies the governing law incorrectly, but when his award is completely irrational or exhibits a manifest disregard of law. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal quotation marks and citations omitted). "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* Manifest disregard of the *facts* is not an independent ground for vacatur. *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1133 (9th Cir. 2003). If the Arbitrator analyzed a factual dispute and resolved it in favor of one of the Parties, we have no authority to re-weigh the evidence. *Id.* at 1134. Ultimately, the scope of review afforded to district courts is "extremely limited." *Kyocera Corp.*, 341 F.3d at 998.[1]

## III. Analysis

### A. Claim 5

The '199 patent describes an invention for using a femtosecond laser[2] to perform cataract surgery. (PFA at 14-15.) Respondent's LenSx Laser System is also a system for using a femtosecond laser to perform cataract surgery. (*Id.*) The Arbitrator found that the two systems differ in several

---

[1] We assume, as the Parties appear to have done, that Federal Circuit law is not controlling here despite the presence of patent issues in the arbitration. In reviewing arbitration awards involving patent issues, the Federal Circuit has stated that it "will apply the law of the regional circuit to which the district court appeal normally lies unless the issue pertains to or is unique to patent law, in which case we will apply our own law to both substantive and procedural issues intimately involved in the substance of enforcement of the patent right." *Flex Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed. Cir. 2001). Even if this assumption is not correct, Federal Circuit case law on the standard for vacatur of an arbitration award does not appear to be materially different. *Id.* (noting "that an arbitration award may be vacated if it is manifest disregard of law" and upholding a district court's decision to confirm an award that was challenged, at least in part, on those grounds).

[2] A femtosecond is one billionth of one millionth of a second. A femtosecond laser is a laser that produces extremely brief pulses of light. (Ex. 1, Arb. Tr. at 193-94.)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | | Date | February 9, 2015 |
|---|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | | |

respects, most of which are not relevant for our purposes. Broadly speaking, the Arbitrator found that the invention described in the '199 patent works by minimizing collateral damage caused to the eye by the laser during cataract surgery while the LenSx Laser System utilizes the collateral damage that the laser causes to more effectively perform the surgery. (*Id.* at 15-17.)

Petitioner objects to only one distinction that the Arbitrator drew between the inventions. Petitioner claims that the Arbitrator manifestly disregarded the law by holding that the LenSx Laser System does not infringe on Claim 5 of the '199 patent. Claim 5 states in relevant part:

A method for a high precision, highly controllable, variable rate, material removal by a continuously emitting, continuous wave (CW) beam of electromagnetic radiation . . . comprising the steps of:

a) providing a source capable of generating an output beam comprised of continuously emitted electromagnetic radiation;

b) redistributing the beam in time and space to form at least one modified beam comprising a plurality of pulses;

c) directing said modified beam(s) so that their energy distribution at any given location on the target material forms a sequence of electromagnetic pulses, . . . .

(Ex. 2 at 78.) The Arbitrator found that the LenSx Laser System did not infringe on this claim because the system did not have the limitation described in Claim 5(a). Specifically, the Arbitrator found that LenSx Laser System's femtosecond "laser does not[] and cannot produce a continuous wave." (PFA at 22.) Rather, "it produces a series of femtosecond pulses" with "no continuously emitted pulse." (*Id.*)

Petitioner claims that the Arbitrator's conclusion was plainly incorrect because it demonstrates a fundamental lack of understanding regarding the technology involved. According to Petitioner, all femtosecond lasers, including those used by the LenSx Laser System, have some source (a laser diode) inside the device capable of producing a continuous wave beam. Petitioner claims that Dr. Norris, an expert witness for Respondent, even admitted this when he testified. (*See* Ex. 1, Ar. Tr. at 462:8-464:19.) Petitioner further argues that the Arbitrator's interpretation of the claim is both inconsistent with the rest of Claim 5 and self-contradicting. Claim 5(b) and (c) clearly refer to the invention producing "pulses," rather than a continuous emission. (Ex. 2 at 78.) Moreover, the notion of a "continuously emitted pulse" is internally inconsistent in that the word "continuous" implies "non-pulsing." No technology, according to Petitioner, could produce a non-pulsing pulse.

Petitioner misunderstands the applicable standard for reviewing an arbitration award. Even if we were to assume, without deciding, that there is merit to Petitioner's points, it is not enough to show that the Arbitrator's decision was incorrect because he made an error in legal reasoning or he failed to give proper weight to certain evidence presented during the arbitration. Rather, Petitioner must show the Arbitrator refused or utterly failed to apply the relevant law. *See Mich. Mut. Ins. Co.*, 44 F.3d at 832; *Coutee*, 336 F.3d at 1133. No such defect is evident in the Arbitrator's award.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|

| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* |

The Arbitrator's conclusion that the LenSx Laser System could infringe Claim 5(a) only if the system used a continuous laser was based on the Arbitrator's interpretation of the claim language and his understanding of the testimony concerning the LenSx Laser System's capabilities. While Petitioner insists that Claim 5(a) refers only to the continuous laser inside the invention (the laser diode), the language in Claim 5(a) explicitly refers to the invention having a source capable of generating a continuous "output" beam, not a continuous beam *within the device*. (Ex. 2 at 78.) Moreover, the preamble to Claim 5 expressly states that the invention is "a method for . . . material removal by a *continuously emitting, continuous wave (CW) beam*." (*Id.* (emphasis added).) According to testimony from Respondent's expert, the LenSx Laser System is totally incapable of emitting a continuous output beam. (*See* Ex. 1, Tr. at 469:7-10 ("THE WITNESS: This system cannot produce continuously emitted electromagnetic radiation. THE COURT: Period? THE WITNESS: Period. . . . THE COURT: What you're telling me is clause . . . 5A is not possible? THE WITNESS: 5A is not possible with this system.").) From this, the Arbitrator apparently concluded that Respondent's system was not infringing.

At no point in his reasoning, did the Arbitrator manifestly disregard the law. Patent infringement analysis requires claim terms to be given their plain and ordinary meaning as understood by one of ordinary skill in the art. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). This is what the Arbitrator did in construing the term "output" in Claim 5(a) to be a reference to the external continuous beam, not that inside the device. In conducting an infringement analysis, a court must also, after determining the meaning of any claim terms, compare the accused device to the claims as construed. *Wavetronix LLC v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1354 (Fed. Cir. 2009). The Arbitrator did this as well. He compared the LenSx Laser Systems' capabilities with the features described in Claim 5, found that Respondent's system did not have the same features, and therefore concluded there was no infringement.[3]

    **B.**    **Award of Costs**

Petitioner also claims that the Arbitrator exceeded his authority by awarding Respondent costs when the Agreement did not permit fee-shifting. Section 11.2 of the Agreement states in pertinent part

---

[3] Petitioner argues that the Arbitrator erred to the extent that he relied on the language of Claim 5's preamble in concluding that the invention was limited to devices emitting a continuous beam. The Arbitrator did not actually cite the preamble in his reasoning, but even if he relied on it, there is no categorical ban on courts using a preamble to determine claim limitations. "Whether to treat a preamble term as a claim limitation is 'determined on the facts of each case in light of the claim as a whole and the invention described in the patent.'" *Am. Med. Sys., Inc.*, 618 F.3d at 1358 (quoting *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 831 (Fed. Cir. 2003)). Generally, "a preamble limits the invention if it recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (citation and internal quotation marks omitted). If the Arbitrator found the preamble was necessary to give meaning to Claim 5, then relying on the preamble in constructing the claim, even if erroneous, did not constitute a manifest disregard of the law.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|

| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* |

that "[e]ach Party shall bear its own costs of [] arbitration, with the costs of the arbitration tribunal shared equally by the Parties." (Ex. 6 at 12.) Despite this language, Petitioner sought in his Response to Demand for Arbitration the recovery of "costs and attorney's fees." (Ex. 5 at ¶ 52(k)). The Arbitrator concluded from this, and from the fact that Respondent similarly sought extra-contractual relief in its Demand for Arbitration, that he was "empowered to award attorney's fees and costs in this matter" by the Parties. (Ex. 14 at 3.) He declined to award any attorney's fees but did award costs to Respondent in the amount of $65,310.19. (*Id.*) Petitioner does not dispute the amount of costs awarded to Respondent.

The Arbitrator cited two cases in support of his conclusion that he had authority to award costs despite the Agreement: *Moore v. First Bank of San Luis Obispo*, 22 Cal. 4th 782 (2000), and *Watson v. Knorr*, 2013 WL 1944007 (Cal. App. Ct. 2013). In *Moore*, the California Supreme Court found that an arbitrator did not exceed his authority by refusing to award attorney's fees to a party that was entitled to them by contract and by operation of law. 22 Cal. 4th at 788-89. In *Watson*, the California Court of Appeal upheld an arbitrators' decision to award costs despite language in the arbitration agreement expressly prohibiting such an award. 2013 WL 1944007. In both cases, the courts reasoned that the arbitrator had the power to award costs and fees in a manner inconsistent with the parties' contract, so long as the issue of attorney's fees and costs was properly before the arbitrator. In other words, under California law, arbitrators do not exceed their authority by erroneously awarding attorney's fees and costs; they exceed their authority only if they attempt to award such relief when the issue was not presented for arbitration. *See Moshonov v. Walsh*, 22 Cal. 4th 771, 775 (2000).

The state courts in *Moore* and *Watson* were interpreting California arbitration law, not the FAA. However, the Ninth Circuit takes a similar position when interpreting the FAA. In *Schoenduve Corporation v. Lucent Technologies, Inc.*, the Ninth Circuit stated that "the scope of an arbitrator's authority is determined by the contract requiring arbitration as well as by the parties' definition of the issues to be submitted in the submission agreement." 442 F.3d 727, 732 (9th Cir. 2006) (citing *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583-84 (5th Cir. 1980). "In other words, the 'initial contract to arbitrate may be modified [or expanded] by the submission agreement.'" *Id.* (quoting *Piggly Wiggly*, 611 F.2d at 583-84 (modification in original)). The Ninth Circuit also stated that "[t]he scope of the arbitrator's jurisdiction extends to issues not only explicitly raised by the parties, but all issues implicit within the submission agreement" and that "[t]he arbitrator's interpretation of the scope of his powers is entitled to the same level of deference as his determination on the merits." *Id.* at 733.

The facts of *Schoenduve* underscore how broad an arbitrator's authority is to grant relief not otherwise permitted by the parties' arbitration agreement. In *Schoenduve*, the petitioner and respondent submitted a breach of contract dispute to arbitration. *Id.* at 729. The arbitrator ruled against the respondent, finding that the petitioner did not breach the agreement, but then awarded the respondent damages anyway based on a quasi-contract theory that was hardly mentioned during arbitration proceedings. *Id.* at 734. The Ninth Circuit held that the award was proper because, in the Demand for Arbitration, the respondent sought damages "arising from breach of contract and other claims." *Id.* at 730. Since the petitioner did not object that these "other claims" were outside the scope of the

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | | Date | February 9, 2015 |
|---|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | | |

arbitrator's authority, the Ninth Circuit concluded that the arbitrator was empowered to award damages for those claims. *Id*. at 732.

Here, while the Agreement may have said that both parties would bear their own costs, the parties sought to recover costs anyway in their submission of the issues. The Parties explicitly agreed that one of the issues the Arbitrator would decide was "[w]hether either party is entitled to damages or other relief, including . . . costs and attorneys' fees." (Ex. 10, "Joint Proposed List of Issues to be Decided by the Arbitrator.") Notably, the Parties were given the opportunity to object to the Arbitrator's authority to consider a proposed issue. For instance, Respondent wanted the Arbitrator to consider whether the '199 patent was even valid, and Petitioner objected that validity should not be an issue in the Arbitration. (*Id.*) Petitioner did *not* object, however, to the Arbitrator's considering whether to award attorney's fees and costs. Accordingly, the issue of whether to award costs and attorney's fees was properly before the Arbitrator.

Petitioner attempts to distinguish the above authority on various grounds. He argues, for instance, that *Moore is* distinguishable because the arbitrator decided *not* to award attorney's fees in that case. But that is not a relevant distinction—*Moore* stands for the proposition that an arbitrator is not bound to grant relief according to the terms of an arbitration agreement once the parties agree to submit an issue to the arbitrator. Petitioner also tries to distinguish *Moore* on the grounds that the arbitration was based on AAA rules, rather than JAMS. While the *Moore* court may have noted that the arbitration in that case was under AAA rules, the court did not rely heavily on those rules to drive its reasoning. Petitioner also claims that the Arbitrator should not have relied on *Watson* because it is unpublished. California Rule of Court 8.1115 bars courts and parties from relying on unpublished California Court of Appeal decisions in "any other action." But Petitioner cites no authority suggesting that this rule bars an arbitrator from citing an unpublished case in a private arbitration award. Even if it was error to cite an unpublished opinion, the Arbitrator did not manifestly disregard the law by doing so.

Finally, Petitioner attempts to distinguish *Schoenduve* on the grounds that the case did not involve a decision that conflicted with the parties' agreement to arbitrate. Rather, it involved an arbitrator issuing a decision based on an alternative "theory of damages—a theory that was implicitly within the scope of that arbitration." (Mot. at 45.) Petitioner does not, however, explain how this distinction matters. The Ninth Circuit clearly stated that the parties' submission of issues to arbitration broadens the scope of the Arbitrator's authority to grant relief. Here, that is precisely what happened. Not only did the Parties ask the Arbitrator to resolve the question of whether there was infringement and a breach, they asked him to determine whether to award costs and attorney's fees. By doing so, they gave the Arbitrator authority to awards costs despite what was said in the Agreement.

**IV. Conclusion**

For the foregoing reasons, Petitioner's Motion to Vacate is **DENIED**. The arbitration award is **CONFIRMED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc* | | |

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |

7

**FILED: 2/9/15**

JS - 6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *Dr. Joseph Neev*, | )    **CASE NO. SACV 14-0660-GHK (JEMx)** |
|             **Petitioner,** | ) |
|       **v.** | )    **JUDGMENT** |
| *Alcon LenSx, Inc.*, | ) |
|             **Respondent.** | ) |
| _____ | ) |

      Pursuant to the Court's February 9, 2015 Order, **IT IS HEREBY ADJUDGED** that the Partial Final Award entered on January 29, 2014 and the Final Award entered on March 26, 2014 in JAMS Arbitration No. 1200046131 are hereby **CONFIRMED**. Respondent shall have judgment in the amount of $65,310.39, with interest at the rate of 3% per annum commencing on November 1, 2013, in conformity with this Order and the confirmed Final Award.

      **IT IS SO ORDERED**.

      DATED: February 9, 2015

                                _____
                                   GEORGE H. KING
                          Chief United States District Judge

**FILED: 2/9/15**

JS - 6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *Dr. Joseph Neev*, | ) CASE NO. SACV 14-0660-GHK (JEMx) |
| **Petitioner,** | ) |
| | ) JUDGMENT |
| v. | ) |
| *Alcon LenSx, Inc.*, | ) |
| **Respondent.** | ) |
| _____ | ) |

Pursuant to the Court's February 9, 2015 Order, **IT IS HEREBY ADJUDGED** that the Partial Final Award entered on January 29, 2014 and the Final Award entered on March 26, 2014 in JAMS Arbitration No. 1200046131 are hereby **CONFIRMED**. Respondent shall have judgment in the amount of $65,310.39, with interest at the rate of 3% per annum commencing on November 1, 2013, in conformity with this Order and the confirmed Final Award.

**IT IS SO ORDERED**.

DATED: February 9, 2015

_____
GEORGE H. KING
Chief United States District Judge